CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 29 2012

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD PUCKETT, | Civil Action No. 7:11cv00214 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| WILCOHESS LLC, *et al.* | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

    This is a premises liability action pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332, by plaintiff Donald Puckett against defendants WilcoHess LLC and A.T. Williams Oil Company (collectively, "WilcoHess") for injuries Puckett sustained after slipping on an unknown substance at a WilcoHess truck stop. WilcoHess has moved for summary judgment on the ground that Puckett cannot show what caused his fall and its likely duration and therefore cannot establish that WilcoHess had actual or constructive notice of an unsafe condition, an essential element of a prima facie case of negligence. The court agrees with WilcoHess and grants its motion for summary judgment.

### I.

    The relevant facts, construed in the light most favorable to Puckett, are as follows: Puckett is a veteran truck driver, having operated commercial vehicles since 1981 and hauled all manner of goods throughout the United States. Currently, he owns and operates a tractor-trailer that he uses to deliver automobiles to Georgia, South Carolina, and Tennessee. On August 18, 2009, Puckett (and his twin brother and work partner, Ronald) stopped at the WilcoHess truck stop in Wytheville, Virginia to fuel Puckett's tractor-trailer. Puckett had to wait for a pump to

become available; as soon as another truck driver pulled out of a fuel lane, he pulled in. Puckett then began his fifteen- to twenty-minute routine of fueling the truck and performing routine inspections. When he was nearly done, Puckett turned to walk toward the store, his feet went out from under him, and he fell hard on the pavement. Puckett is unsure what caused him to fall, but he speculates that it was a slippery patch of diesel fuel or motor oil. Whatever the cause of the fall, Wythe County Community Hospital later diagnosed Puckett with a broken right femur. Puckett brought a negligence action against WilcoHess in Virginia circuit court for $1,000,000, and WilcoHess removed the action to this court.

## II.

WilcoHess has moved for summary judgment on the ground that Puckett cannot establish that WilcoHess had actual or constructive notice of an unsafe condition.[1] Because Puckett, at the very least, is unable to present any evidence of the duration of the alleged unsafe condition at the truck stop, the court finds that Puckett has failed to establish a prima facie case and grants WilcoHess' motion for summary judgment.[2]

The rules applicable to slip-and-fall cases are well-settled in Virginia. See Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182 (1990). Under these rules, a store operator must exercise

---

[1] Puckett has stated, "I don't know what I stepped on . . . ." (Puckett Dep. 211, Sept. 8, 2011, E.C.F. No. 51-1.) WilcoHess argues that because Puckett is unsure what caused him to fall he cannot show the presence of an unsafe condition. But the plaintiff need not know what caused his fall, as long as his evidence is sufficient to prove the likely source. For instance, in Fobbs v. Webb Bldg. Ltd. P'ship, 232 Va. 227 (1986), the plaintiff "could not say what caused her fall," but "she did testify that she 'stepped on something which was very slippery.'" Id. at 231. The Virginia Supreme Court held that it was sufficient that the plaintiff had so testified; that it had recently been raining, causing customers to track water into the building; and that other customers had seen water on the floor. Id.

[2] Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party moving for summary judgment bears the burden of informing the court of the basis for its motion, and identifying those parts of the record which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing a summary judgment motion under Rule 56, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

ordinary care toward customers on the store's premises. Id. Ordinary care requires that the operator keep the premises in a reasonably safe condition, remove foreign objects and substances from the floor within a reasonable time when the operator knows or should know of their presence, and warn unknowing customers about them. Id.

When an invitee is injured by a foreign object or substance on the store premises, a plaintiff seeking damages must show that the operator had actual or constructive notice of the condition. Grim v. Rahe, Inc., 246 Va. 239, 242 (1993). When there is no evidence of actual notice (as is the case here), "constructive knowledge or notice of a defective condition of a premise . . . may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. "[I]f the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case." Id. (citing Winn-Dixie Stores, 240 Va. at 184).

Applying these precepts, it is clear that WilcoHess is entitled to summary judgment because Puckett is unable to present evidence of the duration of the alleged unsafe condition at the truck stop. Not only is Puckett unsure what caused him to fall, he admits he has no idea how long any slippery substance was on the ground (Puckett Dep. 215, E.C.F. No. 51-1)—if that is in fact what caused him to fall—and he offers no other evidence that would charge WilcoHess with constructive notice. It is entirely plausible that the truck leaving just before Puckett arrived spilled some substance, or that Puckett himself spilled fuel, water, or oil during his inspection routine. See Winn-Dixie Stores, 240 Va. at 184 ("There is no evidence in this case that [Winn-Dixie] knew of the presence of the [bean] on the floor, nor is there any showing of the length of time it may have been there. It is just as logical to assume that it was placed on the floor an instant before [Parker] struck it as it is to infer that it had been there long enough that [Winn-

3

Dixie] should, in the exercise of reasonable care, have known about it." (alterations in original) (quoting Colonial Stores, Inc. v. Pulley, 203 Va. 535, 537 (1962))).

Puckett argues at length that the court should charge WilcoHess with constructive notice because the truck stop was a busy location whose very business was to dispense slippery liquids. This evidence, however, is insufficient proof of constructive notice under Virginia law. See Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 453 (4th Cir. 2004) (applying Virginia law). Rather, such evidence "goes only to whether the unsafe condition that produced [the] injury was foreseeable in general, not whether [the defendant] had actual or constructive notice of the *specific* unsafe condition that injured [the plaintiff]."[3]  Id.

Whatever the cause of Puckett's fall, Virginia law is clear on the point that when there is no evidence of the duration of an unsafe condition, the plaintiff has not established a prima facie case. Because there is no such evidence here, the court will grant WilcoHess' motion for summary judgment.[4]

---

[3] Puckett deposed various WilcoHess employees regarding WilcoHess' inspection and spill clean-up procedures, and attempts to conjure a genuine issue of material fact regarding WilcoHess' inspection regime. (See Resp. Mot. Summ. J. 23–24, E.C.F. No. 56.) But at the end of the day, Puckett still does not know what caused him to fall or when the alleged unsafe condition arose. Under the circumstances, the adequacy of WilcoHess' inspection regime is immaterial. See Grim, 246 Va. at 242–43 ("We need not decide whether the one-day period suggested by the [plaintiff] would justify [charging the defendant with constructive notice] because, as the trial court put it, 'there is absolutely no evidence as to when the fixture was broken, how it was broken, no evidence that the owner knew about it. It could have been broken five minutes ago or sooner.'").

[4] In response to Ronald Puckett's deposition testimony that his brother might have slipped on a "tire rut" caused by the constant weight of tractor trailers moving over the truck-stop pavement, WilcoHess argues that any alleged surface deformity near the fuel island would have been open and obvious. Puckett does not appear to base his case on this theory (see Compl. 3–5, E.C.F. No. 1-2), and his responses to the motion for summary judgment only mention it in one (unfinished) paragraph. (Resp. Mot. Summ. J. 24, E.C.F. No. 56.) ("As to [a rut's] effect on the fall of the plaintiff it can be considered a contributing factor by the jury which does not require conjecture or unbridled" [sic]).
  There are numerous Virginia cases finding similar surface deformities to be open and obvious as a matter of law and therefore not grist for a premises liability lawsuit. See, e.g., Rocky Mt. Shopping Ctr. Assocs. v. Steagall, 235 Va. 636, 637 (1988). To whatever extent Puckett might intend to rest on such a theory, Virginia case-law, coupled with the facts present in this case, render the theory speculative and unworkable.

## III.

Puckett has failed to establish a prima facie case of premises liability. Accordingly, and for the reasons stated, the court will grant WilcoHess' motion for summary judgment.[5]

**ENTER**: This 29th day of February, 2012.

                                                 UNITED STATES DISTRICT JUDGE

---

[5] The court currently has under advisement WilcoHess' motion for Rule 37 sanctions. WilcoHess alleges that Puckett's counsel has been uncooperative during discovery on the issue of damages and moves to strike portions of Puckett's pleadings. In light of the judgment herein, the court will deny WilcoHess' motion for sanctions.